IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL BALZARINI,

    Plaintiff,                                  CV F 01 5033 AWI WMW P

  vs.                                         FINDINGS AND RECOMMENDATION

E. ALAMEIDA, et al.,

    Defendants.
                    /

        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's November 21, 2002, fourth amended complaint filed in response to the November 7, 2002, order granting plaintiff leave to file an

1

amended complaint.[1]  Pending before the court is defendants' motion to dismiss.

Plaintiff, an inmate in the custody of the California Department of Corrections at CSP Corcoran, brings this action against the following individual defendants employed by the Department of Corrections at Corcoran: Edward Alameida; Linda Rianda; Linda Melching; George Galaza; F. A. Brown; D.G. Stockman; J. Marshall; R. Lowden; C. Hollis; M. Hodges-Wilkins; A. F. Caton; J. Tucker; S. Parks; J. D. Klarich; C. Greaves. [2]

In the November 21, 2002, amended complaint, plaintiff asserts the following allegations.

### Medical Care

Plaintiff alleges that he suffers from a medical condition, known as "HCV," a liver disease.  Plaintiff has been diagnosed as being in stage 3 or 4 of this disease.  Plaintiff alleges that without treatment, the damage to his liver would be "irreversible and fatal and death is only a matter of time."

Upon his arrival at Corcoran, plaintiff requested treatment for his liver disease. Plaintiff specifically alleges that on February 19, 2001, he requested treatment for the pain. Plaintiff's family had provided him with information about a particular medication (Pharanac or Thiolex), which was "98% effective" in treating plaintiff's condition.   Plaintiff gave this information to a physician at the prison, informing him that "this was the treatment given on the streets."  At some point, plaintiff filed an inmate grievance regarding his medical care.  On October 29, 2001, plaintiff received a response to his grievance, indicating that "appellant has received proper care."

In March of 2002, plaintiff again requested medical care, and was seen by Dr.

---

[1] In their motion to dismiss, defendants note the confusion regarding the operative pleading. The operative pleading in this case is the November 21, 2002, amended complaint.

[2] On February 20, 2003, the District Court adopted the findings and recommendations of the Magistrate Judge, dismissal all defendants except Alameida and Greaves.

1 Greaves.  Dr. Greaves informed plaintiff that "its not C.D.C. policy to treat inmates with serious
2 chronic medical problems, because your to far advance to do anything for." (Am. Comp. at
3 10:11).  Plaintiff explained to Dr. Greaves that he was experiencing serious pain, but Dr.
4 Greaves refused plaintiff's request for medical treatment.  Dr. Greaves also took plaintiff off of
5 certain medications (Naproxen, Cimetidine and Ultram), informing plaintiff that he had to get
6 approval for the medication, and that he did not think they would be approved, because
7 plaintiff's condition was too far advanced.   Plaintiff alleges that he is off all medication, and he
8 only has a "50-50 chance of living past the year 2004, or any parole eligibility date."

Defendants seek dismissal of this action pursuant to Federal Rule of Civil Procedure 12(b).  Specifically, defendants argue that plaintiff has failed to exhaust his available administrative remedies prior to filing suit.

On April 26, 1996, The Prison Litigation Reform Act was enacted.  Section 7 of the Act amended 42 U.S.C. 1997e(a) to read as follows:

> (a) APPLICABILITY OF ADMINISTRATIVE REMEDIES.  No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983) or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

On May 29, 2001, the United States Supreme Court decided <u>Booth v. Churner</u>,532 U.S. 731 (2001).  The Supreme Court, in addressing the question of whether a prisoner need exhaust available remedies when monetary damages are unavailable, held that "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." <u>Id</u>. at 1821.  In order to bring his claim in federal court, plaintiff must completely exhaust his available administrative remedies.   In California, there are four levels of review - informal level, first formal level, second formal level, and third formal level.  The third formal level constitutes the Director's decision on appeal. Cal. Code Regs. Tit. 15, § 3084.5(e)(2).

In support of their motion, defendants submit the declaration of N. Grannis, Chief of Inmate Appeals. Grannis declares that:

> In response to a request from the Attorney General's Office, I reviewed our computer records related to inmate St. Michael Doc Balzarini (CDC No. B-78150) and, in particular, with regard to a claim that inmate Balzarini had been subjected to alleged deliberate indifference to medical treatment at California State Prison, Corcoran in March 2002. Attached as Exhibit A is a true and correct copy of the list of inmate appeals that inmate Balzarini has exhausted at the Director's Level of Review. Inmate Balzarini exhausted four inmate appeals arising out of Corcoran regarding medical claims. One was exhausted on October 29, 2001, two were exhausted on May 30, 2003, and one was exhausted on July 15, 2003. (Ex. A.) None were exhausted before January 10, 2001, the date Plaintiff filed this action.
>
> Attached as Exhibit B is a true and correct copy of the list of inmate appeals sent to the Director's Level of Review by inmate Balzarini and which were screened out for various reasons, and not exhausted. As Exhibit B demonstrates, there is only one inmate appeal arising out of Corcoran regarding medical care that was screened out, and that inmate appeal was received at the Director's level on May 8, 2003. There are no screened-out appeals from Corcoran regarding medical care before January 10, 2001, the date Plaintiff filed this action.

Defendants have met their burden - defendants have raised the affirmative defense of exhaustion, and have come forward with evidence that plaintiff failed to exhaust his administrative remedies prior to filing suit. That plaintiff may have exhausted his remedies since the suit was filed does not absolve him of this requirement. The Court of Appeals has held that District Courts are required under Prison Litigation Reform Act (PLRA) to dismiss actions without prejudice where prisoner failed to exhaust administrative remedies prior to filing suit but was in process of doing so when motion to dismiss was filed. McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002).

Accordingly, IT IS HEREBY RECOMMENDED that defendants' motion to dismiss be granted, and this action be dismissed without prejudice for plaintiff's failure to exhaust his available administrative remedies prior to filing suit.

1
2
3
4
5
6        These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time waives all objections to the judge's findings of fact. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).               IT IS SO ORDERED.

**Dated:   May 23, 2005**                    /s/  **William M. Wunderlich**
mmkd34                                       UNITED STATES MAGISTRATE JUDGE