UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BALZARINI, | 1:01-cv-05033-AWI-WMW-P |
| Plaintiff, | **ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** (Doc. 82) |
| vs. | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** (Doc. 78) |
| E. ALAMEIDA, et al., | |
| Defendants. | **ORDER DISMISSING ACTION** |

Plaintiff, Michael Balzarini ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On May 23, 2005, the Magistrate Judge filed Findings and Recommendations that recomended Defendants' motion to dismiss be granted and this action be dismissed for Plaintiff's failure to exhaust administrative remedies prior to filing suit. The Findings and Recommendations were served on the parties and contained notice to the parties that any objections to the Findings and Recommendations were to be filed within thirty (30) days. On June 6, 2005, Plaintiff filed objections.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 73-305, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court agrees with the recommendation that Defendants' motion to dismiss be granted.

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001). Exhaustion must occur prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084, et seq. "Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can reasonably demonstrate as having an adverse effect upon their welfare." Id. at 3084.1(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and

2

third formal level, also known as the "Director's Level." Cal. Code Regs. tit 15, § 3084.5 (2004).

Here, Defendants offer evidence that Plaintiff did not appeal the issues underlying this action prior to filing suit to the Director's Level. Normally evidence only showing that a prisoner has not had an appeal resolved at the Director's Level is insufficient to find that he did not exhaust administrative remedies because pursuit of an appeal through the Director's Level of review is not necessarily required for exhaustion to have occured. Brown v. Valoff, 422 F.3d 926, 935 (9th Cir.2005). "[A] prisoner need not press on to exhaust further levels of review once he has either received all 'available' remedies at an intermediate level of review or been reliably informed by an administrator that no remedies are available." Id.

In his objections, Plaintiff states that he was not required to exhaust his administrative remedies to the Director's Level because his appeal was granted at the lower level. Specifcially, Plaintiff states that he had "already prevailed on [his] grievance requesting that [he] be seen by a specialist, and further appeal would not have given [him] any additional relief." Satisfaction of the exhaustion requirement does not require that inmates draft grievances with the precision of an attorney, laying out every fact, identifying every defendant by name, and identifying which constitutional rights were violated by which actions or omissions. However, satisfaction of the exhaustion requirement requires that inmates, in their grievances, place prison personnel on fair notice as to the events that subsequently give rise to suit. In this action, Plaintiff seeks

3

1  to hold Defendants liable for being deliberately indifference to
2  his medical needs.  Plaintiff contends that Defendants failed to
3  give him medication that would have been effective in treating
4  Plaintiff's "HCV" condition.  Plaintiff claims that without the
5  medication he only has a "50-50 change of living past the year
6  2004" and he has been in pain.  The grant of an appeal to see a
7  specilist is not sufficient to show exhaustion of a claim
8  regarding Defendants' deliberate difference to Plaintiff's
9  medical needs.  There is no evidence that Plaintiff's desire of
10 adequate medical care was addressed when he was given permission
11 to see a specialist.  Because the only lower level appeal
12 Plaintiff concedes was granted concerned seeing a specialist,
13 Plaintiff did not exhausted his remedies prior to filing suit.
14     Accordingly, IT IS HEREBY ORDERED that:
15     1.  The Findings and Recommendations, filed May 23, 2005,
16 are ADOPTED;
17     2.  Defendant's motion to dismiss is GRANTED;
18     3.  This action is CONCLUDED in its entirety; and,
19     4.  The Clerk of the Court shall close the case.

21 IT IS SO ORDERED.

22 **Dated:   February 14, 2006**               **/s/ Anthony W. Ishii**
   0m8i78                             UNITED STATES DISTRICT JUDGE

4