UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ST. MICHAEL DOC BALZARINI, | ) | 1:01-CV-05033 AWI WMW P |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION |
| | ) | |
| v. | ) | [Doc. #100] |
| | ) | |
| EDWARD S. ALAMEDIA, JR., | ) | |
| | ) | |
| Defendat. | ) | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.

On February 15, 2006, the undersigned issued an order adopting the Magistrate Judge's Finding and Recommendation, granted Plaintiff's motion to dismiss, and dismissed the complaint because Plaintiff had not exhausted his administrative remedies prior to filing suit. On March 20, 2006, Petitioner filed a motion for reconsideration. An administrative review of the docket reveals that this motion has not been ruled on.

The court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir.1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir.1992). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir.1988). Nor is reconsideration to be used to ask the court to

rethink what it has already thought.  United States v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D.Ariz.1998).  "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden."  U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).  Motions to reconsider are committed to the discretion of the trial court.  Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).  Pursuant to Rule 59(e), any motion to alter or amend judgment shall be filed no later than ten days after entry of judgment.  Rule 59(e), however, is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir.2000).

     In his motion for reconsideration, Plaintiff contends, as he did in his opposition and objections, that he did exhaust his administrative remedies because his request for a specialist was granted.  This argument was already addressed and rejected by the court.  The grant of an appeal to see a specialist is not sufficient to show exhaustion of a claim regarding Defendants' deliberate difference to Plaintiff's medical needs.

     Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for reconsideration is DENIED (Document #100).

IT IS SO ORDERED.

**Dated:   March 19, 2007**             /s/ Anthony W. Ishii
0m8i78                                 UNITED STATES DISTRICT JUDGE